UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


SEDGWICK CLAIMS MANAGEMENT
SERVICES, INC., a/k/a Sedgwick CMS,
an Illinois corporation,

        Plaintiff,

      v.

BARRETT BUSINESS SERVICES,
INC., an Oregon corporation,

        Defendant.

_____

Civil No. 05-1035-HA
OPINION AND ORDER

HAGGERTY, Chief Judge:

      Plaintiff Sedgwick Claims Management Services, Inc., (hereinafter plaintiff or SCMS) has filed

a motion [49] seeking summary judgment in this matter against defendant Barrett Business Services,

Inc., (hereinafter defendant or Barrett).  The suit stems from defendant's refusal to defend plaintiff in

another lawsuit.  This court has reviewed the parties' briefs and has considered their arguments and the

1 - OPINION AND ORDER

authorities cited.  Oral argument is deemed unnecessary.  For the reasons set forth below, plaintiff's

Motion for Summary Judgment is granted in part.

## FACTUAL BACKGROUND

The essential facts in the instant case are not in dispute.  Pertinent provisions of the insurance

policies that are relevant to the motion seeking summary judgment are reviewed below.  Defendant is

engaged in the business of providing temporary staffing services in various locations throughout the

United States.  It contracted with plaintiff to administer workers compensation claims that arose

involving defendant's temporary employees, and this agreement was effective during the period of May

1999 through April 2002.  The parties' contract included these terms:

> SCMS shall be fully responsible for exercising reasonable care at all times in the
> performance of its obligations hereunder.  However, if SCMS is named as a party to any
> litigation or proceeding, or is the subject of any claim or demand because of its actions
> on behalf of [defendant], [defendant] agrees to indemnify, defend, and hold SCMS
> harmless from any and all losses, damages, costs, judgments and expenses (including
> attorney fees and costs) with respect to any such litigation, proceeding, claim, or
> demand, unless and until a finding is entered to the effect that SCMS failed to exercise
> such reasonable care in the performance of its obligations hereunder.  SCMS agrees to
> indemnify, hold harmless and defend [defendant], its directors, officers, members,
> employees and agents from and against any and all liabilities, loss or damage that they
> may suffer as a result of any claim, demand, cost or judgment against them arising out of
> the negligence or willful misconduct of SCMS in connection with its performance under
> this Agreement, provided that such acts or omissions do not arise out of or relate to oral
> or written instructions, procedures or forms supplied by [defendant] or any of its
> members, or to client's internal management or adjustment of its claims. Each party
> agrees to keep the other fully informed of any matter for which it is defending, holding
> harmless or indemnifying the other party. Each party reserves the right to appoint its
> own counsel, at its own expense, regarding any matter defended hereunder and to prove
> any settlements of same.

SERVICE AGREEMENT FOR ADMINISTRATION OF A WORKERS' COMPENSATION CLAIMS

PROGRAM, Aff. of Jeffrey D. Hern in Supp. of Pl. Mo. for Summ. J., Ex. C (hereinafter referred to as

the Agreement), ¶ 7.A.

In December 1999, Valvetta Frazier, an employee of defendant, claimed that she was injured at her workplace and submitted a workers compensation claim.  Pursuant to their contractual arrangement, defendant redirected the claim to plaintiff and instructed plaintiff to "review and investigate" the claim. Df.'s Mem. Opp'n. at 3 (citations omitted).  Plaintiff undertook the evaluation of the claim, and there is no meaningful dispute that this evaluation took place on behalf of defendant and pursuant to the parties' contractual agreement.  *See* Second Am. Compl., ¶ 8; Answer to Second Am. Compl., ¶ 8.

Plaintiff denied Frazier's workers compensation claim.  Frazier commenced a lawsuit in November 2001 naming SCMS, Barrett, and others as defendants (hereinafter referred to as the Frazier Litigation).  Frazier asserted in part that plaintiff and defendant acted in concert and in bad faith by refusing to authorize or pay for her back surgery.

Plaintiff tendered its defense of the Frazier Litigation to defendant pursuant to the parties' agreement.  Defendant refused the tender of defense and refused to indemnify plaintiff from the Frazier Litigation.  Subsequently, plaintiff incurred what it alleges to be "considerable fees and costs" in successfully defending itself in the Frazier Litigation.  Pl.'s Mem. in Supp. at 3 (citation omitted). Plaintiff now seeks summary judgment against defendant concluding as a matter of law that defendant had a duty to defend and indemnify plaintiff, entitling plaintiff to recover its costs and fees related to the Frazier Litigation.

## STANDARDS

### 1.    Summary Judgment

A party is entitled to summary judgment as a matter of law if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact."  Fed. R. Civ. P. 56(c); *see Bahn v. NME Hosps., Inc.*, 929 F.2d

1404, 1409 (9th Cir. 1991).  The moving party carries the initial burden of proof and meets this burden

by identifying portions of the record on file that demonstrate the absence of any genuine issue of

material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986).  Once the initial burden is

satisfied, the burden shifts to the non-moving party to demonstrate through the production of probative

evidence that there remains an issue of fact to be tried.  *Id.*

The court must view the evidence in the light most favorable to the non-moving party.

*Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000) (citations omitted).  All

reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving

party.  *MetroPCS, Inc. v. City & Co. of San Francisco*, 400 F.3d 715, 720 (9th Cir. 2005) (citation

omitted).  Where different ultimate inferences may be drawn, summary judgment is inappropriate.

*Sankovich v. Ins. Co. of N. Am.*, 638 F.2d 136, 140 (9th Cir. 1981) (citing Fed. R. Civ. P. 56(c)).

Deference to the non-moving party does have limits.  The non-moving party "must set forth

specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  The "mere

existence of a scintilla of evidence in support of the [non-moving party's] position would be

insufficient."  *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 252 (1986).  Therefore, where "the record

taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no

genuine issue for trial."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

## 2.     **Applicable Principles of Insurance Policy Construction**

The parties' agreement provides as follows:  "The terms and conditions of this Agreement shall

be governed by the laws of the State of Tennessee without regard to conflicts of law principles."

Agreement, ¶ 12.  Oregon law, which applies in this action for interpreting conflicts of law principles,

recognizes contractual-choice-of-law provisions agreed upon by litigating parties.  *See Union Pac. R.R.*

*Co. v. Mower*, 219 F.3d 1069, 1075 n.5 (9th Cir. 2000) (citing *Fiedler v. Bowler*, 843 P.2d 961, 963 (Or. App. 1992)).

Under Tennessee law, a contract's language must be taken and understood in its plain and ordinary sense. *See Bob Pearsall Motors, Inc. v. Regal Chrysler-Plymouth, Inc.*, 521 S.W. 2d 578, 580 (Tenn. 1975) (citation omitted). When a contract is clear and unambiguous, the court must interpret that contract as written. *Cummings v. Vaughn*, 911 S.W. 2d 739, 742 (Tenn. App. 1995) (citation omitted). Put another way, a court must refuse to look beyond a contract's four corners or to the parties' intentions when determining the contracting parties' rights and obligations if a contract is clear and unambiguous. *Whitehaven Comm. Baptist Church v. Holloway*, 973 S.W. 2d 592, 596 (Tenn. 1998) (citation omitted).

Ambiguous contractual language is deemed to exist "only when it is of uncertain meaning and may fairly be understood in more ways than one." *Allstate Ins. Co. v. Watson*, 195 S.W. 3d 609, 611 (Tenn. 2006) (citation omitted). Strained constructions may not be made in an effort to find ambiguity "where none exists." *Planters Gin Co. v. Fed. Compress & Warehouse Co.*, 78 S.W. 3d 885, 891 (Tenn. 2002).

## **DISCUSSION**

This court is compelled to conclude that the parties' Agreement addresses indemnification in clear and unambiguous terms. As noted above, the Agreement's relevant portion provides, in part:

> [I]f SCMS is named as a party to any litigation or proceeding, or is the subject of any claim or demand **because of** its actions **on behalf of** [defendant Barrett], [defendant] agrees to indemnify, defend, and hold SCMS harmless from any and all losses, damages, costs, judgments and expenses (including attorneys fees and costs) with respect to any such litigation, proceeding, claim or demand, unless and until a finding is entered to the effect that SCMS failed to exercise such reasonable care in the performance of its obligations hereunder.

Agreement, ¶ 7.A (emphasis supplied).

Defendant resists summary judgment on a theory that plaintiff SCMS should be construed as acting "on behalf of" defendant Barrett "only when SCMS was acting at Barrett's specific instruction." Df.'s Mem. in Opp'n. at 9.  Defendant argues that summary judgment is inappropriate because plaintiff presented no evidence that Barrett provided instructions to plaintiff regarding Frazier's claims, or, alternatively, the phrase "on behalf of," quoted above, should be deemed to be ambiguous.  *Id*.

First, defendant has already admitted that plaintiff reviewed and investigated Frazier's claims "on behalf of" defendant and pursuant to the parties' Agreement.  *See* Second Am. Compl., ¶ 8; Answer to Second Am. Compl., ¶ 8.

Moreover, "on behalf of" was given no special or unique meaning in the parties' Agreement, so, under the rules of statutory construction, the phrase must be ascribed its plain and ordinary meaning. Dictionary definitions may be consulted to this end.  Random House Webster's College Dictionary (1997) defines the phrase "on behalf of" as meaning "as a representative of or a proxy for."  The Ninth Circuit has recognized that "the plain meaning of 'on behalf of' is broader than 'to the benefit of,' as the term also encompasses acting in a representative capacity.  *See* Webster's Third New International Dictionary (defining 'on behalf of' as 'in the interest of' or 'as the representative of')."  *United States v. Romero*, 293 F.3d 1120, 1126 (9th Cir. 2002).

The Agreement defines a relationship in which plaintiff performs services that are "in the interest of" defendant Barrett.  Its terms provide explicitly that plaintiff shall: "[p]ay benefits, expenses, and adjust or settle each Qualified Claim, but only if in the sole judgment of SCMS such payment wou1d be prudent  for [defendant Barrett]."  Agreement, ¶ 1. A (4).

A plain understanding of "on behalf of" does not encompass defendant's proposed construction that the phrase means "pursuant to specific instructions."  Plaintiff reviewed Frazier's claim because defendant submitted it in accordance with their explicit Agreement.  Within the parameters of that Agreement, plaintiff investigated and evaluated Frazier's claim.  Plaintiff was later sued by Frazier as a result of its actions regarding the claim defendant submitted to it.  There are no authorities or grounds for sustaining defendant's proposition that defendant's agreed-upon duty to defend and indemnify plaintiff should be construed as contingent upon a prior presentation of evidence scrutinizing Frazier's complaint.  The complaint itself established sufficiently that Frazier sued plaintiff "because of" the work plaintiff did "on behalf of" defendant Barrett regarding Frazier's workers' compensation claims.

To conclude otherwise would be a dereliction of the court's duty "to enforce contracts according to their plain terms" and to interpret contractual language "in its plain, ordinary and popular sense" and – just as importantly – refraining "from creating a new contract for the parties." *Bob Pearsall Motors*, 521 S.W. 2d at 580 (citing *Dubois v. Gentry*, 184 S.W. 2d 369 (Tenn. 1945); *Eleogrammenos v. Standard Life Ins. Co.*, 149 S.W. 2d 69 (Tenn. 1941); *Guardian Life Ins. Co. v. Richardson*, 129 S.W. 2d 1107 (Tenn. App. 1939).  To fail to ascribe the plain and ordinary meaning to "because" and "on behalf of" would result in unreasonable failure to give the terms of the parties' Agreement their plain and ordinary meanings.  To adopt defendant's theory that it could evade its duty to defend and indemnify until after plaintiff produced evidence permitting scrutiny of litigation that should have triggered that duty would be tantamount to creating a new contract, with different terms, for the parties.

Defendant also contends that plaintiff's summary judgment motion should be denied because plaintiff "failed to present any evidence that it suffered damages or the amount of the damages it allegedly suffered."  Df.'s Mem. in Opp'n. at 11.  There is no dispute that the Frazier Litigation

commenced in late 2001, defendant refused plaintiff's tender of defense, and that plaintiff defended itself in the litigation for two years through a trial. There can be no real dispute as to whether plaintiff has presented evidence of suffering damages. Although the exercise of determining those damages with precision remains, no grounds for denying plaintiff's summary judgment motion arises from that circumstance. Because precise damages must still be ascertained, plaintiff's motion is granted in part.

Finally, defendant's argument that indemnification agreements should be viewed as unenforceable on public policy grounds if such agreements would relieve a party from liability for its intentional, willful acts is misplaced. Plaintiff presents no assertion seeking relief for intentional, willful misconduct. Moreover, the Frazier Litigation resulted in a complete defense verdict for SCMS. Defendant's "public policy" concerns under these circumstances are specious.

## **CONCLUSION**

This court concludes that under the laws applicable to this action, plaintiff is entitled to summary judgment in part because defendant was obligated to accept plaintiff's tender of defense in the Frazier Litigation. Accordingly, for the foregoing reasons, plaintiff's Motion for Summary Judgment [49] is GRANTED IN PART. The parties are ordered to confer and file a Joint Status Report no later than May 10, 2007, that proposes a means of determining damages in this matter and, if appropriate, includes a draft Judgment (and any objections to the draft) for this court's review.

IT IS SO ORDERED.

DATED this  9   day of April, 2007.


  /s/ Ancer L. Haggerty  
Ancer L. Haggerty
United States District Judge